UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BUCKOVETZ,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY<br><br>              Defendants. | Case No.:  23-CV-1942-CAB-MMP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 4] |

This matter comes before the Court on Defendant the United States Department of the Navy's motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity. The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, Defendant's motion is granted and the complaint is dismissed with prejudice.

**I.     Allegations in the Complaint**

Pro se Plaintiff Dennis M. Buckovetz entered into a rental agreement with Lock & Leave LLC for a self-storage unit located on Naval Air Station (NAS) North Island in Coronado, California. He alleges that he contracted to rent a unit that was 4 feet by 4 feet by 8 feet in size, but that the unit was actually smaller. He alleges that he made a claim to

Lock & Leave for "equitable relief" and that the "Navy, as the final arbiter, ruled on and denied [his] claim." Complaint at ¶ 38. The Navy did not respond to his appeal of this denial, and Lock & Leave "unilaterally terminated" his rental agreement. *Id.* at ¶¶ 38-39.

Plaintiff then filed the instant lawsuit asking for "equitable relief" from the Navy. *Id.* at ¶ 41. The complaint alleges that it "is made under the provisions of the Administrative Procedure Act" and requests review of the Navy's denial of his "request for equitable relief and that the denial be set aside as arbitrary, capricious, and an abuse of discretion." *Id.* at ¶ 8. The Navy moves to dismiss for lack of subject matter jurisdiction on the grounds of sovereign immunity.

## II. Discussion

"An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity." *Esquivel v. United States*, 21 F.4th 565, 572 (9th Cir. 2021) (quoting *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996)); *see also Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) ("The Navy cannot be sued absent an express Congressional waiver of sovereign immunity."). "If the United States has not waived sovereign immunity, then the court where the suit is filed must dismiss the case for lack of subject-matter jurisdiction." *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1022 (9th Cir. 2023).

In the complaint, Plaintiff alleges subject matter jurisdiction based on the Administrative Procedures Act ("APA"). 5 U.S.C. §§ 701-06. "The APA waives sovereign immunity for actions in federal district court by 'person[s] suffering legal wrong because of agency action.'" *United Aeronautical Corp.*, 80 F.4th at 1022 (quoting 5 U.S.C. § 702). The APA, however, "does *not* waive sovereign immunity for contract claims seeking equitable relief." *N. Star Alaska v. United States*, 14 F.3d 36, 38 (9th Cir. 1994) (*emphasis* in original; quotation marks, brackets, and citation omitted); *see also RAJMP, Inc. v. United States*, No. 19-CV-876 AJB (WVG), 2020 WL 905592, at *4 (S.D. Cal. Feb. 25, 2020) ("The Ninth Circuit has held several times that the APA does not waive sovereign immunity over non-monetary, contract-based claims because the Tucker Act impliedly

forbids equitable relief."). Whether a claim implicates the waiver of sovereign immunity in the APA or is actually a contract claim depends on the "source of the rights upon which the plaintiff bases its claim." *N. Star Alaska*, 14 F.3d at 37 (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)).

Here, the source of the rights on which Plaintiff bases his claim is his rental agreement with Lock & Leave. The first sentence of the complaint states: "[t]his case centers on whether a contract for rental self-storage units . . . means what it says." Complaint at ¶ 1. Meanwhile, in a section with the heading "cause of action," Plaintiff asserts: "[t]he Navy through Lock & Leave charged me the contract-defined rental price for a 4' x 4' x 8' closet size storage unit but provided me less than the advertised and contract-defined 4' x 4' x 8' of unobstructed storage space." Complaint at ¶ 41. Accordingly, Plaintiff asserts a claim for equitable relief based on contract, so the waiver of sovereign immunity in the APA does not apply.

### III. Conclusion

For the foregoing reasons, the Court lacks subject matter jurisdiction over the complaint. Accordingly, it is hereby **ORDERED** that the Motion to Dismiss [Doc. No. 4] is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is **SO ORDERED**.

Dated: January 23, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge